Mr. Harry Bloom State Bank Commissioner 325 State Office Building Denver, Colorado 80203
Dear Commissioner Bloom:
I am writing in response to your letter of October 21, 1975, in which you sought the Attorney General's written opinion regarding the following question:
QUESTION PRESENTED AND CONCLUSION
Must a state bank or a national bank having its principal place of business in this state be designated as an eligible public depository in order to receive deposits of public moneys, if such deposits do not exceed that amount which is fully insured by the Federal Deposit Insurance Corporation?
My conclusion is "yes."
ANALYSIS
In answering your question in the positive, a review and analysis of both the Public Deposit Protection Act and the Savings and Loan Public Deposit Protection Act was conducted. Both of these Acts were passed in the same legislative term; and while the Legislative Declaration section of each Act declares an identical purpose — the protection of public moneys on deposit with a commercial bank or with a savings and loan association — the requirement of being designated as an eligible public depository would vary depending upon the nature of the financial institution involved.
In preparing this opinion, certain long-standing rules of statutory construction were followed as will be mentioned where applicable throughout this opinion. At the outset, mention should be made that no review of the legislative history was found to be necessary, because I find the plain meaning of the applicable provisions of the Public Deposit Protection Act of 1975 to be clear and unambiguous with respect to the question proposed by your letter.See Lohf v. Casey, 330 F. Supp. 356, at 356 (D. Colo. 1971) re-affirming the rule of statutory construction that "no resort will be had to legislative history or other extrinsic evidence of intent unless the statutory language is unclear or ambiguous."[1]
Section 105 of the Public Deposit Protection Act of 1975, limited in application to commercial banks in this state, would require the designation as an eligible public depository of each commercial bank that desires to accept deposits of public moneys, even though such deposits would be fully insured by the Federal Deposit Insurance Corporation. Section 105(1), supra, provides in pertinent part that,
 Every state bank and every national bank having its principal office in this state which holds public deposits on July 1, 1975, and which desires to continue to accept and hold such deposits shall . . . file with the commissioner a . . . a statement . . . in which shall be set forth the amount of its capital funds and the aggregate amount and nature of all public deposits held by it . . . In such statement it shall declare that it has elected to accept and become subject to all of the provisions of this article . . . .
The above-quoted section may be contrasted with Section 105(1) of the Savings and Loan Association Public Deposit Protection Act, which provides in pertinent part that,
 Every state-chartered savings and loan association, and every federally-chartered savings and loan association having its principal office in this state . . . which desires to accept and hold . . . public deposits in an amount in excess of the amount insured by the federal savings and loan insurance corporation, shall . . . file with the commissioner . . . a statement electing to accept, and become subject to, the provisions of this article . . . . (Emphasis supplied)[2]
A further comparison which sharpens the distinction intended to be established by the legislature between savings and loan associations and the commercial banking institutions is found in Section 120 of the Savings and Loan Public Deposit Protection Act and Section 24-36-111, C.R.S. 1973, as amended by Section 111 of the Public Deposit Protection Act of 1975. While Section 111, supra, authorizes a commercial bank to accept and hold deposits of state moneys and to pledge collateral security as provided by the Public Deposit Protection Act of 1975, no mention is made of authorization to do so, without designation as an eligible public depository, for amounts fully insured by the Federal Deposit Insurance Corporation. However, in Section 120, supra, the legislature provided the following language:
 any such (savings and loan) association is authorized to accept and hold, and any governmental unit is authorized to make and maintain therein, deposits of public moneys to the extent that the full amount thereof is insured by the federal savings and loan insurance corporation, even though such association has not elected to be designated as an eligible public depository under the provisions of this article.(Emphasis supplied)
With the addition of the just-quoted portion of Section 120, supra, combined with the lack of any such language in Section 24-36-111, C.R.S. 1973, as amended, the legislative intent to exempt from the designation requirement those savings and loan associations which do not receive deposits of public moneys in excess of the insured limits becomes manifest. On the other hand, the legislative intent to require all commercial banks to become designated as public depositories if they are to lawfully hold such public moneys, irrespective of insurance coverage, also becomes apparent. This latter conclusion flows from following another cardinal rule of statutory construction — that where the legislature has acted to except certain categories from the operation of a statute, it is to be presumed that the legislature intended to go only as far as it did, and that additional exceptions by implication are not favored. SeeColorado Public Interest Research Group, Inc. v. Train, 507 F.2d 743
(10th Cir. 1974).
The attempt by the General Assembly to clearly distinguish the commercial banks from the savings and loan associations, in relation to the designation requirement, is somewhat obscured by a comparison of Section 118(1) of the Public Deposit Protection Act of 1975 with Section 118(1) of the Savings and Loan Public Deposit Protection Act. Both sections declare it is unlawful for public moneys to be deposited in either type of financial institution, if such institution has not been designated as an eligible public depository, "unless the entire amount of such deposit is insured . . ." by either the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation, whichever the case may be. Since both Sections 118(1), supra, are directly followed by subsections declaring it is a misdemeanor to violate Section 118(1) of each Act, I would opine that the qualifying language just quoted is intended to limit the criminal responsibility of the public official depositing public moneys in a fully insured account held at a non-designated financial institution. While thus providing a limitation as to criminal responsibility, Section 118(1) of the Public Deposit Protection Act of 1975 would not reasonably permit, in light of the other sections of both Acts discussed herein, an interpretation of said section declaring lawful, as a matter of civil law, the depositing of any amount of public moneys in a fully insured account in a non-designated commercial bank. This construction would thus resolve the apparent inconsistent Sections 105 and 118(1) of the Public Deposit Protection Act of 1975, and comply with the rule of statutory construction requiring that various sections within the same article be so construed as to harmonize, one with the other. See Bd. of Co. Com. v. Rippy, 161 Colo. 261,421 P.2d 461 (1966).
SUMMARY
A state bank, national bank, state or federal savings and loan association having its principal place of business in this state must be designated as an eligible public depository in order to receive deposits of public moneys, if such deposits do not exceed that amount which is fully insured by the FDIC or FSLIC.

 Very truly yours,
 J.D. MacFARLANE
 Attorney General
BANKS AND BANKING
INTEREST
LOANS

C.R.S. 1973, 11-10.5-101 (as amended 1975) C.R.S. 1973, 11-47-101 (as amended 1975)
REGULATORY AGENCIES, DEPT. Banking, Div. of Savings Loan, Div. of
A state bank, national bank, state or federal savings and loan association having its principal place of business in this state must be designated as an eligible public depository in order to receive deposits of public moneys, if such deposits do not exceed that amount which is fully insured by the FDIC or FSLIC.
[1] Even though a court, in construing the legislative intent of House Bill Nos. 1659 and 1695 in this regard, would not resort to the Acts' legislative history, a review of the hearings before the Senate and House Committees was conducted. Nothing contained in the tape recordings of such hearings indicates that the Committee Members knew the Acts were dissimilar on the point in question.
[2] See also Section 24-36-112(11), C.R.S. 1973, which was amended by House Bill No. 1695 to prohibit the State Treasurer from depositing state moneys in an amount in excess of the insured limit ". . . unless suchsavings and loan association has been designated as an eligible publicdepository . . . ." (Emphasis added).